IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SUNOCO PIPELINE L.P. | ) | Civil Action No. |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The United States of America, acting on behalf of the United States Environmental Protection Agency ("EPA"), by authority of the Attorney General of the United States, files this Complaint and alleges as follows:

## NATURE OF ACTION

1.       This is a civil action against Sunoco Pipeline L.P. ("Sunoco") arising from Sunoco's unlawful discharge of 1,950 barrels of gasoline on January 12, 2012. The discharge occurred when the Fostoria-Hudson pipeline, carrying gasoline, ruptured in Wellington, Lorain County, Ohio. The gasoline flowed from the rupture to two nearby waterways, the White Ditch and the West Branch of the Black River, where it contaminated adjoining shorelines and navigable waters of the United States and impacted aquatic habitat and wildlife. The discharge released chemicals hazardous to human health and the environment, including benzene and toluene, into the environment. It created ignition risk and required the evacuation of 70 people for one week.

2.      The United States seeks civil penalties under Clean Water Act ("CWA") Section 311(b)(7)(A), 33 U.S.C. § 1321(b)(7)(A), for the illegal discharge of oil in violation of CWA Section 311(b)(3), 33 U.S.C. § 1321(b)(3).

## JURISDICTION, VENUE, AND AUTHORITY

3.      This Court has subject matter jurisdiction over the claim brought by the United States in this action under 28 U.S.C. § 1331 and CWA Section 311(b)(7)(E) and (n), 33 U.S.C § 1321(b)(7)(E) and (n).

4.      Venue is proper in the Northern District of Ohio under Section 311(b)(7)(E) of the CWA, 33 U.S.C. § 1321(b)(7)(e), because the pipeline rupture causing the discharge occurred in this District and Sunoco is doing business in this District.

5.      Authority to bring this action on behalf of the United States is vested in the United States Department of Justice by CWA Section 506, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

## PARTIES

6.      Plaintiff, the United States of America, is acting at the request of EPA. EPA served as the lead federal agency in the oversight of the gasoline spill cleanup efforts in Wellington, Ohio and has authority to enforce the provisions of the CWA.

7.      Defendant Sunoco, a Pennsylvania limited partnership headquartered in Philadelphia, Pennsylvania, operates over 7,500 miles of liquid pipelines nationwide.

8.      Defendant owns and operates the Fostoria-Hudson pipeline and did so at the time of the release.

9.      Defendant operates as a subsidiary of Sunoco Logistics Partners L.P., a Pennsylvania master limited partnership headquartered in Philadelphia, Pennsylvania.

## GENERAL ALLEGATIONS

10.      The Fostoria-Hudson pipeline ("the Pipeline") is a 107 mile section of Sunoco's Mariner West pipeline system.

11.      At the time of the rupture, the Mariner West pipeline system was an oil transfer pipeline transporting gasoline. Within Ohio, the Fostoria-Hudson pipeline transported gasoline eastbound from Fostoria to Hudson. The Pipeline, pipeline terminals, and pumping stations are the property of Sunoco.

12.      The Pipeline is an eight inch diameter pipe with a thickness of 0.277 inches.

13.      The Pipeline runs underground at the location of the rupture.

14.      Prior to the rupture, the most recent In-Line Inspection of the Pipeline was completed in 2007. The 2007 In-Line Inspection detected a defect on the pipe surface at what later became the location of the January 12, 2012 rupture.

15.      The defect was not further inspected or corrected by Sunoco.

16.      Pipeline operation was monitored from Defendant's Montello Control Center near Reading, Pennsylvania. Defendant's operators at the control center continuously received data concerning pipe pressure and flow rate.

17.      At all times relevant to this Complaint, the Pipeline, together with all of its appurtenances, including the section of the Fostoria-Hudson pipeline that ruptured on January 12, 2012, were owned and operated by Sunoco.

18.      On January 12, 2012 at 10:18 p.m. a series of alarms activated, indicating low pressure, low flow rate, and transducer and densitometer problems. Automatic valve shutdowns

commenced at 10:22 p.m. and concluded at 10:26 p.m. Manual valve shutdowns occurred

January 13, 2012 at 12:50 a.m. and 1:15 a.m. at the Whitehorse Road and Orphanage Road valve

stations respectively.

19.     The alarms were triggered by a 30-inch longitudinal rupture in the Pipeline.

20.     The Pipeline rupture discharged 1,950 barrels of gasoline into the environment.

21.     The gasoline pushed to the surface, travelled north and east to a natural swale, and

then flowed into a stream called the White Ditch which carried the gasoline approximately two

miles to the West Branch of the Black River (hereinafter "West Branch").

22.     The White Ditch has an ordinary high water mark and defined bed and banks. The

White Ditch is characterized as a primary headwater habitat stream by the State of Ohio and

supports aquatic life.

23.     The White Ditch flows to the West Branch.

24.     The West Branch is a stream that flows to and joins with the East Branch of the

Black River to form the Black River.

25.     The Black River empties into Lake Erie.

26.     Defendant's spilled gasoline caused a sheen on the surface of the water of the

White Ditch and adjoining shorelines and contaminated the sediments, vegetation and banks of

the White Ditch.

27.     Defendant's spilled gasoline caused a sheen on the surface of the water of the

West Branch approximately two miles downstream of the rupture.

28.     A mobile home park and an apartment complex are located near the rupture site.

Local authorities ordered the evacuation of 70 residents from these homes for seven days

because of high concentrations of gasoline-related vapors, including benzene and toluene, chemicals hazardous to human health.

29.     Defendant completed a *Final Rupture Report* on April 12, 2013 and submitted this report to the EPA.

30.     The *Final Rupture Report* states the cause of the rupture was a shallow dent of unknown origin, identified in the 2007 In-Line Inspection, on the pipe surface that failed and caused the rupture.

## CAUSE OF ACTION

**Civil Penalties for Violation of CWA Section 311(b) – Oil Discharge**

**33 U.S.C. § 1321(b)**

31.     Paragraphs 1 through 30 are realleged and incorporated herein.

32.     Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), prohibits the "discharge of oil or any hazardous substances (i) into or upon the navigable waters of the United States, [or] adjoining shorelines . . . in such quantities as may be harmful . . . ."

33.     Section 311(a)(2) of the CWA, 33 U.S.C. § 1321(a)(2), defines "discharge" to include "any spilling, leaking, pumping, pouring, emitting, emptying or dumping . . . ."

34.     Pursuant to Section 311(b)(4) of the CWA, 33 U.S.C. § 1321(b)(4), discharges of oil in such quantities as may be harmful to the public health or welfare or environment of the United States include oil discharges that "[c]ause a film or sheen upon or discoloration of the surface of the water or adjoining shorelines, or cause a sludge or emulsion to be deposited beneath the surface of the water or upon adjoining shorelines." 40 C.F.R. § 110.3.

35.     Under Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), "[a]ny person who is the owner, operator, or person in charge of any . . . onshore facility . . . from which

oil . . . is discharged in violation of paragraph (b), shall be subject to a civil penalty . . . ."  33 U.S.C. § 1321(b)(7)(D).

36.     Sunoco is a "person" within the meaning of Section 311(a)(7) of the CWA, 33 U.S.C. § 1321(a)(7).

37.     Sunoco is the "operator" of an onshore facility from which oil was discharged, within the meaning of Section 311(a)(6) of the CWA, 33 U.S.C. § 1321(a)(6).

38.     Sunoco is the "owner" of an onshore facility from which oil was discharged, within the meaning of Section 311(a)(6) of the CWA, 33 U.S.C. § 1321(a)(6).

39.     Sunoco's Fostoria-Hudson pipeline is an "onshore facility," within the meaning of Section 311(a)(10) of the CWA, 33 U.S.C. § 1321(a)(10).

40.     The release of 1,950 barrels of gasoline on January 12, 2012 from the Fostoria-Hudson pipeline on January 12, 2012 was a "discharge" of oil, within the meaning of Section 311(a)(2) of the CWA, 33 U.S.C. § 1321(a)(2).

41.     The gasoline discharged on January 12, 2012 is within the meaning of "oil," in Section 311(a)(1) of the CWA, 33 U.S.C. § 1321(a)(1).

42.     The discharge of gasoline was into or upon the navigable waters of the United States within the meaning of CWA Section 311(b)(7), 33 U.S.C. § 1321(b)(7) and adjoining shorelines.

43.     The White Ditch and the West Branch are navigable waters within the meaning of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

44.     The discharge on January 12, 2012 was of a quantity "as may be harmful," within the meaning of CWA Section 311(b)(3) and (4), 33 U.S.C. § 1321(b)(3) and (4), and 40 C.F.R. § 110.3.

45.     The discharge violated Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

46.     Defendant is liable for civil penalties of up to $1,100 per barrel of oil discharged.

CWA Section 311(b)(7)(A), 33 U.S.C. § 1321(b)(7)(A); 40 C.F.R. § 19.4 (establishing that the

Civil Monetary Penalty Inflation Adjustment Rule increased the per-barrel civil penalty to the

listed amounts, effective after January 12, 2009).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States of America requests that this Court:

A.     Enter a judgment that Defendant is liable to the United States for civil penalties of

up to $1,100 per barrel of oil discharged into the environment, pursuant to Section 311(b)(7)(A)

of the CWA, 33 U.S.C. § 1321(b)(7)(A);

B.     Grant the United States such other relief as the Court deems appropriate.


Respectfully submitted,

JEFFREY H. WOODS
ACTING ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division
United States Department of Justice

/s/ Lila C. Jones
LILA C. JONES
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC  20044
(202) 514-9859

DAVID A. SIERLEJA
Acting United States Attorney

ALEJANDRO A. ABREU
ASSISTANT UNITED STATES ATTORNEY
United States Court House
801 West Superior Ave.
Cleveland, OH 44113
Telephone (216) 622-3620
Alejandro.a.abreu@usdoj.gov

OF COUNSEL:

Kelly Ann Kaczka Brantner, Attorney
Office of Civil Enforcement
Water Enforcement Division
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code 2243A, WJC South Room 3120A
Washington, D.C. 20460
Telephone: 202-564-9933
Email: Brantner.Kelly@epa.gov

Richard J. Clarizio
Rachel Zander
Associate Regional Counsels
U.S. Environmental Protection Agency, Region 5
Office of Regional Counsel (C-14J)
77 W. Jackson Blvd.
Chicago, IL 60604
Telephone: 312-886-0559 and 312-353-1505
Email: Clarizio.Richard@epa.gov and Zander.Rachel@epa.gov